**Jose Erwin CALLEJAS RODRIGUEZ,
Petitioner,**

v.

---

* The Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the

Alberto R. GONZALES,* Attorney
General, Respondent.

No. 04–70339.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.**

Decided May 12, 2005.

Jose Erwin Callejas Rodriguez, Pomona,
CA, pro se.

Regional Counsel, Western Region Im-
migration & Naturalization Service, Lagu-
na Niguel, CA, Ronald E. Lefevre, Chief
Legal Officer, Office of the District Coun-
sel Department of Homeland Security, San
Francisco, CA, OIL, U.S. Department of
Justice Civil Div./Office of Immigration
Lit., Washington, DC, for Respondent.

Before: PREGERSON, CANBY and
THOMAS, Circuit Judges.

MEMORANDUM ***

Jose Erwin Callejas Rodriguez, a native
and citizen of Guatemala, petitions for re-
view from the Board of Immigration Ap-
peals' ("BIA") summary affirmance of an
immigration judge's ("IJ") denial of his
application for asylum, withholding of de-
portation and relief under the Convention
Against Torture ("CAT"). Because the

---

courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his pre-
decessor, John Ashcroft, as Attorney General
of the United States, pursuant to Fed. R.App.
P. 43(c)(2).

** The panel unanimously finds this case suit-
able for decision without oral argument. *See*
Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

transitional rules apply, *see Kalaw v. INS,* 133 F.3d 1147, 1150 (9th Cir.1997), we have jurisdiction pursuant to 8 U.S.C. § 1105a(a). We review for substantial evidence, *see Cruz–Navarro v. INS,* 232 F.3d 1024, 1028 (9th Cir.2000), and we deny the petition for review.

■ Substantial evidence supports the IJ's determination that Callejas Rodriguez did not establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. The record does not compel the conclusion that the threats Callejas Rodriguez received from guerillas, who demanded that he provide them with information relating to his job providing security to the Minister of Finance, were on account of an enumerated ground. *See id.* at 1029–30. Further, substantial evidence supports the IJ's conclusion that Callejas Rodriguez failed to demonstrate a well-founded fear of persecution in light of changed country conditions. *See Molina–Estrada v. INS,* 293 F.3d 1089, 1096 (9th Cir.2002).

■ Because Callejas Rodriguez failed to establish eligibility for asylum, he necessarily failed to establish eligibility for withholding of deportation. *See Cruz–Navarro,* 232 F.3d at 1031.

■ Petitioner also failed to establish eligibility for relief under CAT because he failed to show it was more likely than not that he would be tortured if deported to Guatemala. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

Pursuant to *Elian v. Ashcroft,* 370 F.3d 897 (9th Cir.2004), Callejas Rodriguez's voluntary departure period will begin to run upon issuance of this court's mandate.

PETITION FOR REVIEW DENIED.